UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CHARLES HERMAN WILCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:17-CV-030-PLR-CHS |
| v. | ) |
| | ) |
| WARREN COUNTY SHERIFF'S | ) |
| DEPARTMENT, MCMINNVILL POLICE | ) |
| DEPARTMENT, JODY CAVANAUGH, | ) |
| TONY JENKINS, and BRIAN OWENS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court after assessing Plaintiff with the filing fee [Doc. 4]. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.     Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Allegations of the Complaint

Plaintiff alleges that on May 9, 2016, he was arrested and taken to jail and that Defendants Cavanaugh and Jenkins, performing a joint operation for Warren County and the McMinnville Police Department, left Defendant Brian Owens, a criminal informant who was visiting Plaintiff, at Plaintiff's home without Plaintiff's permission [*Id.*]. Plaintiff asserts that Defendant Owens then pawned Plaintiff's belongings and forged checks from Plaintiff's account, but Plaintiff was told that there was not enough evidence against Defendant Owens for an arrest [*Id.*].

Plaintiff also alleges that his truck was confiscated by Defendant Cavanaugh because it was alleged to have been used in the delivery of drugs, but that the discovery furnished by the district attorney shows that all relevant drug "buys" occurred in Plaintiff's bedroom [*Id.*]. Plaintiff further asserts that it was later alleged that the truck was purchased with drug money, but Plaintiff states that he got a loan from a bank with his mother as the co-signor to obtain the truck [*Id.*].

Plaintiff also claims that he was told that the truck was property of the Warren County Sheriff's Department before he was convicted [*Id.*].

Plaintiff additionally alleges that his stolen four-wheeler was placed at the impound lot of the Warren County Sheriff's Department but, by the time he was told the fee, the four-wheeler had been sold to pay the impound fee [*Id.*].

**III.     Legal Analysis**

First, Plaintiff's allegation that Defendants Cavanaugh and/or Jenkins left Defendant Owens in Plaintiff's home when they arrested Plaintiff asserts that these Defendants were negligent. An allegation of negligence is not actionable under § 1983, however. *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991).

Further, nothing in the complaint indicates that Defendant Owens was acting under color of state law when he stole Plaintiff's personal property and/or wrote fraudulent checks from Plaintiff's account. Specifically, nothing in the complaint indicates that Defendant Owens was exercising powers traditionally reserved to the state, that the state significantly encouraged or coerced Defendant Owens, or that there was a close relationship between the state and Defendant Owens such that Defendant Owens' actions may be attributed to the state. *Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (setting forth the relevant tests for whether a private party may be considered a state actor for purposes of §1983). Accordingly, Plaintiff's allegations as to Defendant Owens fail to state a claim upon which relief may be granted under § 1983.

Moreover, liberally construing the complaint in favor of Plaintiff, Plaintiff alleges that Defendant Cavanaugh improperly seized his truck at or about the time of Plaintiff's arrest and that the Warren County Sheriff's Department kept the truck during the ten months prior to Plaintiff's conviction. If the Court assumes that this taking was not random and unauthorized, the Court must

examine whether Plaintiff has been denied a property interest and, if so, what process Plaintiff was due. *Sickles v. Campbell Cnty.*, 501 F.3d 726, 730 (6th Cir. 2007) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). In addressing what process is due, a court must balance "(1) the private interest that will be affected by the official action; . . . (2) the risk of an erroneous deprivation[;] . . . (3) the probable value, if any, of additional or substitute procedural safeguards; and . . . (4) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Ultimately, the court must determine "when, under our constitutional system, judicial-type procedures must be imposed upon administrative action to assure fairness." *Id.* at 348.

The Court finds that, liberally construing the complaint in favor of Plaintiff and balancing all of the above factors, the complaint fails to state a claim upon which relief may be granted under § 1983 as to the seizure of Plaintiff's truck. First, it is apparent that Plaintiff only complains of the seizure of his truck prior to his conviction [Doc. 1 p. 10], but Plaintiff had no property interest in the truck during this time, as Plaintiff was held in jail for the entire ten months prior to his conviction [*Id.*]. Even if the Court assumes Plaintiff had a property interest in the truck during those ten months, however, the government had a significant interest in keeping the truck while a determination was made as to whether the truck was involved in or purchased with funds from Plaintiff's drug charges which outweighs any risk of erroneous deprivation. Also, the probable value of any additional safeguards for the seizure of the truck prior to Plaintiff's conviction would be minimal, if any, and the costs thereof to the government would be high. Specifically, the decision of whether the truck was involved in Plaintiff's illegal activities would be inextricably linked with the determination of whether Plaintiff was actually guilty of those illegal activities.

4

Thus, to provide additional safeguards regarding the seizure of the truck prior to Plaintiff's conviction, the government would have to have two separate proceedings to determine the same or similar issues.

Further, to the extent that the taking of the truck by Defendant Cavanaugh was random and unauthorized, the statutes governing the Tennessee Claims Commission, *see* Tenn. Code Ann. § 9-8-301 *et seq.*, provide Plaintiff with a post-deprivation state remedy for this claim, and Plaintiff has not alleged that this state remedy is inadequate. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984).

As such, Plaintiff's allegations regarding seizure of his truck fail to state a claim upon which relief may be granted under § 1983.

Also, to the extent Plaintiff seeks relief from Defendants based on his assertion that Defendants should have arrested Defendant Owens for his alleged bad acts, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, this allegation fails to state a claim upon which relief may be granted under § 1983.

Lastly, Plaintiff's allegation regarding his stolen four-wheeler being sold before he could pay the fee does not allow the Court to plausibly infer that any Defendant deprived Plaintiff of a constitutional right.

### IV. Conclusion

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Pamela L. Reeves
UNITED STATES DISTRICT JUDGE